IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**MARVIN MAURICE GOODSON,**

**Petitioner,**

v.                                                            Case No. 1:16-cv-01692

**B.J. JOHNSON, Warden,**
**FCI McDowell**

**Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the court is Petitioner Marvin Maurice Goodson ("Goodson's) *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). Respondent filed a response to the petition, arguing that it should be denied. (ECF No. 8). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Goodson is clearly not entitled to relief; therefore, the undersigned **RECOMMENDS** that his § 2241 petition be **DENIED** and this matter be **DISMISSED**, with prejudice, with the exception of Goodson's potential unexhausted claims regarding the calculation of his parole term, which the undersigned recommends be **DISMISSED**, without prejudice, from the docket of the Court.

1

## I. Relevant Factual and Procedural Background

In 1985, Goodson was sentenced to 20 years of federal imprisonment for one count of bank robbery. (ECF No. 8-2 at 1). He was released on parole in September 1993 with a parole expiration date of January 15, 2005. (*Id.* at 23). Goodson thereafter violated the conditions of his parole numerous times for which his parole was revoked and he was re-paroled. (ECF Nos. 8-2, 8-3). He was ultimately re-paroled in July 2004 to serve a term of parole supervision through December 30, 2006. (ECF No. 8-3 at 4). In August 2006, Goodson was arrested by state authorities for driving while impaired and other criminal charges. He was then charged by federal authorities in September 2006 for committing an armed bank robbery and brandishing a firearm during the commission of a crime of violence in July 2006. (*Id.* at 8, 12-18, 21). On September 18, 2006, the U.S. Parole Commission ("the Commission") issued a parole violator warrant against Goodson based on the foregoing state and federal criminal charges, as well as Goodson's continued drug use. (*Id.* at 27, 29). The issuance of this warrant halted Goodson's parole term, which would have expired on December 30, 2006. 28 C.F.R. § 2.44(d); *Bradin v. Reilly*, No. AW-13-CV-749, 2013 WL 5506028, at *3 (D. Md. Oct. 2, 2013) ("The issuance of a federal parole violation warrant tolls the running of the sentence, and it does not begin to run again until the warrant is executed.").

The Commission sent the parole violator warrant to the U.S. Marshals Service in the federal court in which Goodson was being held on the new federal charges of armed bank robbery and brandishing a firearm during a crime of violence. (*Id.* at 26). In May 2008, Goodson was sentenced to a total term of 156 months of imprisonment for his new federal convictions and, in August 2008, the parole violator warrant was filed as a detainer against him. (*Id.* at 31, 36). On January 12, 2009, the Commission supplemented

2

the warrant to note Goodson's convictions for armed bank robbery and brandishing a firearm during a crime of violence, stating that a preliminary interview to determine whether there was probable cause for his parole violator warrant was not required due to the those convictions. (*Id.* at 38). Finally, on July 10, 2013, the Commission conducted a dispositional record review and determined to let the detainer stand. (*Id.* at 39).

In February 2016, Goodson filed the instant § 2241 petition while incarcerated in FCI McDowell in Welch, West Virginia. (ECF No. 1). He contends that he is being held in violation of the Constitution, laws, or treaties of the United States because he did not have a preliminary revocation interview or a revocation hearing, and he did not receive a Notices of Action sheet detailing the alleged parole violations. (*Id.* at 6-7). He also states in his petition that his parole term expired on July 21, 2005; therefore, he argues that he was no longer on parole when he committed the July 2006 offense that forms the basis of the detainer. (*Id.* at 7, 26-27).[1] Goodson requests that the Court grant him a "motion to dismiss" his supervised parole and order that the Commission "drop the detainer" against him. (*Id.* at 8). In attached documentation, he states that if the Court determines that he did violate the conditions of his parole, he waives his due process rights and wishes for the Court to enter a finding that he is guilty of the violation and impose a sentence to run concurrently with his present federal sentence. (*Id.* at 27).

On May 12, 2016, Respondent filed a response to Goodson's petition, stating that it should be denied because (1) his term of parole was not expired when the Commission issued the parole violator warrant, (2) he has no right to a revocation hearing until the

---

[1] Goodson attached to his petition a document entitled "Motion to Dismiss or Find for a Summary Disposition for Parole/Supervision violation," which he previously filed in the federal court which had jurisdiction over his criminal matters. (ECF No. 1 at 26-27); *see* No. 3:06-cr-380-RJC (W.D.N.C. Nov. 7, 2014), ECF No. 34. There is no indication that the court ruled on the motion.

3

warrant is executed, and (3) he has no right to serve any term of imprisonment that is imposed for his parole violations concurrently with the federal sentence that he is currently serving. (ECF No. 8 at 5).

Goodson was advised that he could file a reply to the Government's response within 60 days after service of the response, but he has not filed a reply. (ECF No. 5). Therefore, this matter is fully briefed and ready for resolution.

## II. Discussion

Goodson's § 2241 petition concerns a federal parole violator warrant that the Commission lodged as a detainer against him while he is serving a federal sentence for armed robbery and brandishing a firearm during a crime of violence. He contends that the detainer should be quashed because he was not on parole at the time of the alleged violations and he did not receive the required due process of law, including a preliminary parole revocation interview, a revocation hearing, and a copy of the Notice of Action sheet. (ECF No. 1 at 6-7). Goodson requests, in the alternative, that the Court order that his parole violator term run concurrently with his present federal sentence. (*Id.* at 8, 17).

"Judicial review of a decision by the Parole Commission is limited." *Baker v. Williams*, No. 2:13-CV-58, 2014 WL 1408074, at *7 (N.D.W. Va. Apr. 11, 2014) (citations omitted). "So long as there are no violations of any required due process protections and Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress." *Id.* Therefore, the "District Court may review an action of the Parole Commission to determine whether the decision of the Commission is arbitrary and capricious or an abuse of discretion." *Id.* "An action of the Commission is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible considerations, or when it

4

fails to comply with the Commission's own rules and regulations." *Id.*; *Harris v. Stansberry*, No. 1:10CV1337 JCC/TRJ, 2012 WL 27437, at *4 (E.D. Va. Jan. 4, 2012) (A "Commission's parole determination is only reviewable if the Commission 'exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations' when reaching its determination.") (citations omitted).

The revocation of parole is governed by the Parole Commission and Reorganization Act, 18 U.S.C. § 4201, *et. seq.,* which was enacted in 1976, and the regulations promulgated thereunder, 28 C.F.R. § 2.1, *et. seq.* "[R]evocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). However, the conditional freedom afforded to a parolee is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *Moody v. Daggett*, 429 U.S. 78, 85 (1976). Therefore, parolees are afforded certain minimal due process rights prior to revocation of their parole. This can include a preliminary interview akin to a preliminary hearing "as promptly as convenient after arrest" to determine if probable cause exists that the parolee violated the conditions of release. *Morrissey*, 408 U.S. at 485–87; 28 C.F.R. § 2.48. Parolees are also entitled to a parole revocation hearing to determine whether the conditions of release have been violated and whether parole should be revoked or reinstated. 28 C.F.R. §§ 2.49 through 2.52. With these considerations in mind, the undersigned addresses Goodson's arguments in turn.

### A. *The Calculation of Goodson's Term of Parole*

Goodson argues that his full term of parole expired on July 21, 2005 and he was no longer on parole when he committed the July 2006 crimes which serve as the basis for his parole violator warrant. To support his argument, Goodson attaches a page from the

5

sentence monitoring computation data printout, which provides a full term expiration date of July 21, 2005. (ECF No. 1 at 12). However, this page undoubtedly relates to a special condition that was added to Goodson's parole, not the expiration of his full parole term. (*Id.* at 10, 12). Specifically, Goodson was ordered on January 25, 2005 to spend 120 days in a Sanction Center Program; he began serving the 120-day term on March 24, 2005 and he would have completed serving the special term on July 21, 2005, although he was evidently removed from the program prematurely for noncompliance. (*Id.*). In any event, Goodson was clearly ordered to remain under parole supervision through December 30, 2006. (*Id.* at 13-14; ECF No. 8-3 at 4). Therefore, the record contravenes Goodson's assertion that his parole expired in July 2005.

In addition, as Respondent notes in his response, to the extent that Goodson challenges the Commission's calculation of his parole term, Goodson must first exhaust his administrative remedies before seeking relief in this Court. *See, e.g.*, *Jefferson v. U.S. Parole Comm'n*, No. 2:10CV39, 2010 WL 3463964, at *2 (E.D. Va. July 26, 2010), *report and recommendation adopted,* No. 2:10CV39, 2010 WL 3463943 (E.D. Va. Sept. 3, 2010) (A plaintiff must exhaust administrative remedies before seeking relief under § 2241, particularly when challenging a Commission decision regarding parole). As explained more fully below, Goodson is not yet entitled to a parole revocation hearing because he is currently detained on other criminal charges. To the extent that he challenges the alleged parole violations, he can do so at the parole revocation hearing and through the administrative appeal process. Only after he exhausts such remedies, may he pursue habeas relief. Goodson has not yet sought any appeal, grievance, or administrative remedy regarding the calculation of his parole. (ECF No. 1 at 2-4). Furthermore, he adduces no argument or circumstances to excuse the exhaustion requirement. *Jefferson*,

2010 WL 3463964, at *3 (holding that habeas review may be available for unexhausted claims if the petitioner can show cause and prejudice). Therefore, the undersigned **FINDS** that Goodson's claim that the Commission exceeded its authority in issuing a parole violator warrant as a detainer against him is without merit.

### B. Preliminary Interview

Goodson next argues that he was denied his right to a preliminary interview to determine if probable cause existed to support the parole revocation warrant issued by the Commission. Under certain circumstances, parolees are entitled to a preliminary interview upon the issuance of a parole violator warrant. However, the applicable statute and regulation plainly state that if a parolee is convicted of a federal, state, or local crime while released on parole, the *conviction itself* constitutes probable cause and no preliminary interview is required. 18 U.S.C. § 4214(b); 28 C.F.R. § 2.48(f) (emphasis added). When a parolee is convicted of an offense committed while on parole and is serving a new sentence for such offense, a parole revocation warrant or summons may be placed against the parolee as a detainer. *Id.* Instead of a preliminary interview, the Commission will conduct a record review and determine whether to let the detainer stand or whether it should be withdrawn. *Id.*

Goodson is serving a federal term of imprisonment for offenses that he committed while on parole. (ECF No. 8-3 at 30). Therefore, pursuant to C.F.R. § 2.48(f), those convictions constituted probable cause to support the parole violator warrant. *See Baker*, 2014 WL 1408074, at *8 (discussing that a conviction of a criminal offense while on parole constitutes probable cause to support a parole violator warrant and no probable cause hearing is required; the warrant can be placed as a detainer at the institution where the parolee is serving his new sentence).

Under the circumstances, Goodson was entitled only to a dispositional record review by the Commission, not a preliminary interview; he received a dispositional record review and he does not assert any grounds that the Commission violated the law with respect to such review. 28 C.F.R. § 2.47; *Hunt v. United States*, No. 5:12-HC-2214-BO, 2014 WL 1233118, at *2 (E.D.N.C. Mar. 25, 2014) ("Because Hunt was serving a new, non-parolable sentence of greater than one year when the warrant was placed as a detainer, he was only entitled to a dispositional record review pursuant to 28 C.F.R. § 2.47(a)(2), which he received.") (citations omitted); *Gill v. Stansberry*, No. 1:08CV998 (JCC/TRJ), 2009 WL 2567010, at *4 (E.D. Va. Aug. 18, 2009) (The petitioner, who was serving federal sentence with a parole violator warrant placed against him as a detainer, was entitled to only a "dispositional review" of the detainer).

Therefore, Goodson was not entitled to a preliminary parole revocation interview as he argues. The undersigned **FINDS** that Goodson's contention that he was denied due process because he did not receive an initial revocation interview is without merit.

### C. Parole Revocation Hearing

The undersigned next considers Goodson's argument that he was denied a prompt parole revocation hearing. In *Morrissey*, 408 U.S. at 488, the Supreme Court of the United States ("Supreme Court") held that the parole revocation hearing "must be tendered within a reasonable time after the parolee is taken into custody." However, the Supreme Court later granted certiorari in *Moody* "to decide whether a federal parolee imprisoned for a crime committed while on parole is constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued and lodged with the institution of his confinement but not served on him." *Moody*, 429 U.S. at 79. The Court noted that this constitutional issue created a divide in the Court of Appeals. *Id.* at n1. The

8

Fourth Circuit, along with some other appellate courts, "held that no due process requirements attach at this time." *Id.* (citing *Gaddy v. Michael*, 519 F.2d 669 (4th Cir. 1975)).

The petitioner in *Moody* committed two homicides on an Indian reservation while he was on parole for a previous federal conviction. *Moody,* 429 U.S. at 80–81. The homicide convictions constituted "obvious violations" of the conditions of his parole; thus, soon after his incarceration for them, the Commission "issued but did not execute a parole violator warrant; this was lodged with prison officials as a 'detainer.'" *Id.* Relying on the Court's holding in *Morrissey*, the petitioner in *Moody* instituted a federal habeas corpus action "seeking dismissal of the parole violator warrant on the ground that he had been denied a prompt hearing at which the pending parole revocation issues could be aired." *Moody*, 429 U.S. at 81. The Supreme Court held that "there is no requirement for an immediate hearing," explaining that the petitioner's present confinement and consequent loss of liberty did not derive in any sense from the outstanding parole violator warrant, but from his two homicide convictions. *Moody*, 429 U.S. at 86. The "[i]ssuance of the warrant and notice of that fact to the institution of confinement did no more than express the [Commission's] intent to defer consideration of parole revocation to a later time." *Id.* The Court further clarified that the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant; it is the eventual execution of the warrant, not the detainer, that mandates that a parolee receive a parole revocation hearing within a certain time frame. *Moody*, 429 U.S. at 87.

Here, Goodson is incarcerated pursuant to his convictions for armed robbery and brandishing a firearm. (ECF No. 1 at 1). Like the petitioner in *Moody*, the loss of liberty that Goodson suffers is not due to his parole violator warrant, but to his federal

9

convictions. The procedural requirements for a prompt parole revocation hearing do not apply until the warrant is executed and he is taken into custody as a parole violator. *Moody*, 429 U.S. at 87, 97 S. Ct. at 278–79; *Baker*, 2014 WL 1408074, at *2–3 ("The petitioner is correct that he is entitled to a parole revocation hearing. However, the time for a parole revocation hearing is calculated from the execution of a federal warrant, and a detainer is not execution of a federal warrant.); *Cooper v. U.S. Parole Comm'n*, 232 F.3d 887 (4th Cir. 2000) ("It is the execution of the warrant that places the defendant in the custody of the United States Parole Commission.") (citing *Moody,* 429 U .S. at 87); *Maye v. U.S. Parole Comm'n*, No. 5:13-HC-2137-FL, 2014 WL 3955721, at *2 (E.D.N.C. Aug. 13, 2014) (holding that the prompt parole revocation hearing requirement set forth in *Morrissey* was inapplicable because the petitioner was in custody pursuant to a federal conviction and his parole violator warrant was lodged as a detainer, not executed against him); *Payne-El v. Haynes*, No. CIV.A. 1:02CV183, 2003 WL 23976674, at *2 (N.D.W. Va. June 25, 2003), *aff'd*, 102 F. App'x 835 (4th Cir. 2004) (The petitioner was not denied any constitutional rights by not having a revocation hearing because he was in custody for his federal conviction not for violating parole; a revocation hearing is not required until he was taken into custody under the warrant).

Further, to the extent that the detainer is affecting Goodson's ability to participate in a drug treatment program, (ECF No. 1 at 27), Goodson has no constitutionally protected liberty interest to participate in rehabilitative programs. *Maye*, 2014 WL 3955721, at *2 ("To the extent petitioner contends that the pending detainer is affecting his ability to participate in institutional programs, he fails to state a claim because petitioner has not demonstrated a constitutionally protected liberty interest in participating in such programs.") (citing *Moody,* 429 U.S. 88 n.9 and *Gaddy v. Michael,*

10

519 F.2d 669, 678 (4th Cir.1975)); *Hawkins v. Tripp*, No. 5:14-HC-2153-FL, 2015 WL 5098758, at *5 (E.D.N.C. Aug. 31, 2015), *aff'd*, 635 F. App'x 128 (4th Cir. 2016); *McDaniel v. Driver*, No. CIV.A. 5:07CV133, 2008 WL 4279463, at *11 (N.D.W. Va. Sept. 17, 2008) (Inmates have no protected liberty interest in rehabilitative programs in prison); *Herbin v. Chairman, U.S. Parole Comm'n,* No. CIV.A. 7:06-CV-00598, 2007 WL 1228119, at *2 (W.D. Va. Apr. 25, 2007) (A parole violator detainer does not prejudice an inmate to the level of a due process violation when it results in a higher security classification, lost prison privileges or rehabilitative opportunities, or loss of the ability to earn good conduct time).

Therefore, for all of the above reasons, the undersigned **FINDS** that Goodson does not state a claim for relief on the basis that he has not received a parole revocation hearing while he is in custody pursuant to his conviction and sentence for other crimes.

### D. Notice of Action Sheet

Goodson states in his petition that he never received a Notice of Action Sheet detailing the alleged parole violations that form the basis of his detainer. (ECF No. 1 at 7). Goodson's parole was previously revoked numerous times and special conditions were also added to his term of parole. Each time that occurred, the Commission produced a Notice of Action sheet detailing the Commission's findings of fact and explanation for its decisions. (ECF No. 8-2 at 33-34, 37-38, 44 and 8-3 at 1-3, 7). However, the Commission had not yet revoked Goodson's parole under his most recent parole violator warrant. Therefore, if Goodson challenges the fact that he has not received a similar document concerning the parole violations that form the basis of his detainer, such contention is premature.

Furthermore, to the extent that Goodson contends that he has not received notice of the alleged parole violations, the documents filed in this case include the violation report and request for warrant prepared by the Commission, the warrant application, and a copy of the warrant itself. (ECF No. 8-3 at 8-29). Goodson does not assert that any lack of notice of the parole violations prejudiced him in any way. *See, e.g., Trice v. Reilly*, No. CIV. A. 3:06CV078, 2006 WL 5644844, at *2 (E.D. Va. Nov. 13, 2006), *aff'd,* 234 F. App'x 116 (4th Cir. 2007) (Petitioner must show actual prejudice to his parole revocation hearing by the Commission's failure to provide notice of the parole violations charged) (collecting cases); *see also Guerrero-Guerrero v. Clark*, 687 F. Supp. 1022, 1030 (E.D. Va. 1988) (Delayed receipt of parole violator warrant did not prejudice the petitioner in the parole revocation hearing because the hearing was continued to allow him to prepare a defense to the statements in the warrant). In fact, as noted, Goodson's parole revocation hearing has not occurred, and the record indicates that it will not be scheduled until Goodson completes his intervening federal sentence. Therefore, the undersigned **FINDS** Goodson fails to state a claim for relief under § 2241 based on any lack of notice of his parole charges.

### E.  Right to a Concurrent Parole Violator Sentence

Although Goodson does not directly raise this issue in the body of his petition, he states in an attachment that if he is determined to be a parole violator, he wishes to waive his rights to a hearing and counsel, accept a summary disposition, and serve his parole violator sentence concurrently with his present federal sentence. (ECF No. 1 at 27). This argument was similarly dismissed by the Supreme Court. In *Moody*, the petitioner wished to serve his potential revoked parole sentence concurrently with the sentence that he was serving for homicide. *Moody*, 429 U.S. at 87. The Court stated that deferral of the

12

revocation decision until after the petitioner completed his sentence for the homicides did not deprive him of the opportunity for a concurrent sentence because if the Commission decided to revoke his parole at that time, it could retroactively grant a concurrent sentence in the form of unconditional or conditional release. *Id.*; *Payne-El*, 2003 WL 23976674, at *3 (discussing the holding in *Moody* that Commission can retroactively grant equivalent of concurrent sentence). "The Commission's decision whether the parolee's violator term will run consecutively or concurrently to his new prison term is committed to the discretion of the Commission." *Bradin v. Reilly*, No. AW-13-CV-749, 2013 WL 5506028, at *2 (D. Md. Oct. 2, 2013) (citing *Garcia v. Neagle,* 660 F.2d 983, 988 (4th Cir. 1981) (holding that the Commission's substantive decisions to set parole are committed to unreviewable agency discretion)). As stated in *Moody*, nothing in the applicable statue or regulations gives Goodson any right to force the decision of the Commission while he was in custody for his intervening sentence. *Moody*, 429 U.S. at 87–88, 97 S. Ct. at 279.

Therefore, the undersigned **FINDS** that Goodson's request for a concurrent parole violator term is relief that cannot be granted by this Court.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Petitioner's § 2241 petition be **DENIED** for failure to state a claim upon which relief can be granted and this matter be **DISMISSED**, with prejudice, except for Goodson's potential unexhausted claims regarding the calculation of his parole term, which the undersigned recommends be **DISMISSED**, without prejudice, from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is

hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED**: July 31, 2017

Cheryl A. Eifert
United States Magistrate Judge