IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MARVIN MAURICE GOODSON,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:16-01692

B.J. JOHNSON, Warden,
FCI McDowell,

    Defendant.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation ("PF&R") on July 31, 2017, in which she recommended that the district court (1) deny plaintiff's petition under 28 U.S.C. § 2241; (2) dismiss Goodson's potential unexhausted claims regarding the calculation of his parole term without prejudice; (3) dismiss the remainder of the claims with prejudice; and (4) remove the matter from the court's docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a

de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the seventeen-day period.  Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court adopts the findings and recommendations contained therein.  Accordingly, the court hereby (1) **DENIES** plaintiff's petition under 28 U.S.C. § 2241; (2) **DISMISSES** Goodson's potential unexhausted claims regarding the calculation of his parole term without prejudice; (3) **DISMISSES** the remainder of Goodson's claims with prejudice; and (4) **DIRECTS** the Clerk to remove the matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 2nd day of April, 2018.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge